**Michael C. TAYLOR, Plaintiff,**

v.

**Ochieng CAMPBELL, et al., Defendants.**

**No. CV–94–A–164–E.**

United States District Court,
M.D. Alabama,
Eastern Division.

April 20, 1994.

Order on Reconsideration May 10, 1994.

Stanley F. Gray, Tuskegee, AL, for plaintiff.

C. Winston Sheehan, Jr., Montgomery, AL, for defendants.

### *ORDER*

ALBRITTON, District Judge.

This case is before the court on the plaintiff's Motion to Remand filed on March 11, 1994.

This suit was filed in the Circuit Court of Macon County, Alabama. The complaint claimed compensatory and punitive damages in the amount of $48,000 in each of three counts.

The case was removed to this court on the basis of diversity of citizenship and with an allegation that the amount in controversy, exclusive of interest and costs, exceeds $50,-000. The contention as to amount in controversy is based upon an aggregation of the claims made in the three counts.

In support of his motion to remand, the plaintiff states that he is seeking less than $50,000 in this case, and he has attached an affidavit to that effect. Also attached is a statement signed by the plaintiff and his attorney to the effect that the plaintiff does not wish to seek over $50,000 and understands that he will under no circumstances receive more than $50,000. The defendants contend that this is, in effect, an attempt to amend the complaint after removal to reduce the amount in controversy to a sum below the jurisdictional amount of this court.

The court is willing to accept the plaintiff's position as to the amount sought in this case as an indication that he actually intended to claim only a total of $48,000 when the suit was originally filed, rather than as an attempt to reduce the amount claimed. That being the case, if it appears to a legal certainty that any recovery must be less than the jurisdictional amount, the court will grant the motion to remand.

By his affidavit, the plaintiff states that he is seeking less than $50,000. This does not go far enough to satisfy the court that it is a legal certainty that he cannot recover more than the jurisdictional amount, even though the plaintiff has also filed a separate unverified statement of the plaintiff that he understands that if the case is remanded he will under no circumstances receive more than $50,000. In order to satisfy the court that it appears to a legal certainty that recovery must be for less than the jurisdictional amount, and that this is consistent with the amount the plaintiff intended to claim in his complaint and is not an amendment reducing the amount claimed, the plaintiff may file with the court an affidavit stating the following:

1. He did not intend to seek damages in excess of the total amount of $48,000 at the time the complaint was filed.

2. He irrevocably agrees that the amount of damages claimed by him in this action is and will forever be no more than $48,000 exclusive of interest and costs.

3. He irrevocably agrees to the entry of an order of court which places an irrevocable cap upon the amount of damages which may be sought by or awarded to him in this case, and that this cap shall be set as $48,000 exclusive of interest and costs.

4. He will under no circumstances accept a judgment or settlement in this case in excess of $48,000.

5. He agrees, acknowledges, and understands that this agreement is binding upon him and his heirs, executors, administrators, and assigns, and cannot be rescinded or revoked under any circumstance regardless of any development which may occur during the investigation, discovery, pretrial, or trial of this action.

If such an affidavit is filed by the plaintiff **by May 6, 1994,** the court will order this case remanded.

### *ORDER ON RECONSIDERATION*

Upon consideration of the defendant's Motion for Reconsideration, filed on April 21, 1994, wherein the defendant asked the court to reconsider its order of April 20, 1994, it is hereby ORDERED that the Motion for Reconsideration is DENIED.

The plaintiff now having filed an affidavit in the form required by the court's order of April 20, 1994, it is further ORDERED that the plaintiff's Motion to Remand is GRANTED, and this case is remanded to the Circuit Court of Macon County, Alabama. The Clerk is DIRECTED to take all necessary steps to effect the remand.