**James ROBINSON, Plaintiff,**

v.

**GE CAPITAL MORTGAGE SERVICES, INC., et al., Defendants.**

**Civil Action No. 96–A–719–N.**

United States District Court,
M.D. Alabama,
Northern Division.

Nov. 7, 1996.

Jere Beasley, Thomas Methvin, Dorsey Morrow, Montgomery, AL, for plaintiff.

Peter S. Fruin, Montgomery, AL, John Bolus, Birmingham, AL, for defendants.

## *MEMORANDUM OPINION AND ORDER*

ALBRITTON, District Judge.

This case is before the court on the Plaintiff's Motion to Remand. The case was removed from state court on the grounds of diversity of citizenship. 28 U.S.C. § 1332. The Plaintiff concedes that citizenship is diverse, and also that the amount in controversy exceeds $50,000. Therefore, the case is properly removable to this court, if timely done. The only basis for Plaintiff's Motion to Remand is his contention that removal was untimely. For the reasons discussed below, the court finds that the Motion to Remand is due to be denied.

### *FACTS*

This suit was filed in the Circuit Court of Montgomery County, Alabama, on February 23, 1996. One of the five counts in the complaint was a contract claim under an insurance policy, demanding judgment against the Defendants in the amount of $1,555. The other four counts were tort claims demanding no specific amount, but stating simply that, "Plaintiff seeks compensatory damages, damages for breach of legal duty, punitive damages in excess of the minimum jurisdiction of this Court, plus court costs, expenses, and attorney's fees."

The Defendants were served on March 5, 1996.

On April 15, 1996, the Defendants served the Plaintiff with the following requests for admissions:

*REQUEST NO. 3:*

Admit that the full measure of "your" damages is $50,000 or less, exclusive of interest and costs, as a result of defendants' alleged fraud, breach of duty to disclose, suppression, breach of contract and/or bad faith failure to pay.

*REQUEST NO. 4:*

Admit that "you" cannot recover more than $50,000, whether compensatory or punitive damages, as a result of defendants' alleged fraud, breach of duty to disclose, suppression, breach of contract and/or bad faith failure to pay.

On April 24, 1996, Plaintiff served Defendants with "Plaintiff's Responses to Defendants' First Set of Requests for Admissions," in which the Plaintiff denied Requests 3 and 4. The Defendants filed their Notice of Removal on April 29, 1996, alleging that the Plaintiff's Response to Request for Admissions was the first paper received by the Defendants from which it could be ascertained that the case was one in which the amount in controversy exceeded $50,000 and which was, therefore, removable.

### *DISCUSSION*

The Plaintiff contends that removal was untimely because it was not done within 30 days after service on the Defendants.

28 U.S.C. § 1446 requires removal from a state court to a federal court to be within 30 days after service of summons upon the defendant. The statute provides further, however, that "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable."

The Eleventh Circuit has held that "where the plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $50,000 jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353, 1359–60 (11th Cir.1996). It was obviously because of this requirement that the Defendants filed their Request for Admissions. Since the Plaintiff did not specify the amount which he claimed in four counts of the complaint, it was necessary for the Defendants to find out. The only thing that could be determined from the face of the complaint was that the claim was "in excess of the minimum jurisdiction" of the state circuit court, which is $10,-

000. Section 12–11–30(1), *Code of Alabama.* Promptly upon being told by the Plaintiff that more than $50,000 was being claimed, the Defendants removed the case.

A diverse defendant which is served with a state court complaint claiming an unspecified amount of damages must ascertain whether the amount in controversy exceeds $50,000 in order to successfully sustain a removal. One option for the defendant would be to remove the case within 30 days after service of the summons and allege, if it can be done in good faith, that the amount in controversy is thought to exceed $50,000. The plaintiff can then either agree, in which case jurisdiction is established, or take issue with that allegation, in which case the court can make a determination from evidence submitted as to whether the defendant has proved by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $50,000 jurisdictional requirement. Another option for the defendant is to remove within 30 days after receipt of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the plaintiff is seeking more than $50,-000.

The Plaintiff contends that his Responses to Request for Admissions do not constitute such "other paper." The court disagrees.

The court holds that the Plaintiff's Responses to Requests for Admissions constitute "other paper" within the meaning of 28 U.S.C. § 1446. Nothing before the court shows that the Defendant would have had any reason to know at the time the complaint was served that the Plaintiff, who was alleging a contractual claim of only $1,555, was actually seeking total damages in excess of $50,000. Since four counts of the complaint claimed damages in an unspecified amount, the Responses told the Defendants for the first time that the Plaintiff was seeking more than $50,000 in damages. Therefore, removal was made within 30 days after removability could first be ascertained.

The court points out that the problem presented in this case is one of the Plaintiff's making, not of the Defendants'. The Plaintiff easily could have claimed a specific amount, or at least could have claimed an amount "in excess of $50,000," so that it would be clear that the case was removable if the diverse Defendants chose to remove it. Lawyers, as officers of the court, are shown great deference by the courts in presuming the trustworthiness of what they say in pleadings. It was for that reason that the Eleventh Circuit held that when a lawyer files a complaint against a diverse defendant claiming an amount less than $50,000 the defendant must prove to a legal certainty that the plaintiff's claim must exceed $50,000 before the case can be removed successfully to federal court. *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir.1994). With that deference on the part of the courts goes a corresponding responsibility on the part of attorneys. Whether a case is removable to federal court should not be a matter of gamesmanship. This court will not allow a trap to be set by a plaintiff filing a complaint in state court claiming an unspecified amount of damages and then objecting to a removal as being untimely when a defendant removes within 30 days after ascertaining that the claim actually exceeds the jurisdictional amount. A plaintiff can readily avoid a delay in removal by simply specifying in the complaint that the amount claimed against a diverse defendant exceeds the amount in controversy necessary for federal jurisdiction.

## CONCLUSION

For the reasons given above, the court holds that the Plaintiff's Responses to the Defendants' Request for Admissions filed in state court constituted "other paper" within the meaning of 28 U.S.C. § 1446, that it was from these responses that the Defendants could first ascertain that the case was one which was removable, and that the removal was timely. Therefore, it is hereby

ORDERED that the Plaintiff's Motion to Remand is DENIED.