Ronnie **DAVIS**, as father and next friend of Crystal Davis, Plaintiff,

v.

**CHRYSLER CORPORATION**, Defendant.

CV No. 96–HM–1913–J.

United States District Court, N.D. Alabama, Jasper Division.

Jan. 2, 1997.

---

Garve Ivey, Jr., Elizabeth I. Kelley, King, Ivey & Junkin, Jasper, AL, for Plaintiff.

D. Alan Thomas, Gregory L. Schuck, Huie, Fernambucq & Stewart, Birmingham, AL, for Defendant.

## MEMORANDUM OPINION

HALTOM, Senior District Judge.

This case is currently before this Court on the Motion to Remand filed by Plaintiff Ronnie Davis as father and next friend of Crystal Davis on August 23, 1996. On December 5, 1996, this Court entered an Order directing the party litigants and *requesting* the dismissed defendant John Darren Sahagan to submit answers to certain questions this Court posed in order to clarify the facts leading up to the removal of this action from the Circuit Court of Walker County, Alabama to this United States District Court. Having reviewed the responses submitted by the remaining party litigants,[1] this Court concludes that Plaintiff's Motion to Remand is due to be denied for the reasons set forth hereinafter.

### FACTUAL BACKGROUND

As best as can be ascertained without benefit of the dismissed Defendant Sahagan's reply, the procedure leading up to the removal of this civil action is as follows:

On January 9, 1996 Plaintiff Ronnie Davis filed a complaint as father and next friend of Crystal Davis, naming the Chrysler Corporation and John Darren Sahagan as co-defendants. Since Defendant Sahagan and Plaintiff are both citizens of the State of Alabama, this action was initially not removable to federal court on the basis of 28 U.S.C. § 1332(a)(1) [diversity of citizenship and amount in controversy]. On or about May 29, 1996, a letter was sent to Judge Hugh Beaird, Circuit Judge of Walker County, by Ralph Gaines, counsel for Defendant Sahagan informing him that Plaintiff and Defendant Sahagan, the non-diverse defendant, had reached a settlement. A copy of this letter was sent to Garve Ivey, counsel for Plaintiff. Apparently no copy was sent to counsel of record for Defendant Chrysler.

Pursuant to this settlement, on some date before June 7, 1996, Mr. Gaines, Defendant Sahagan's attorney, drafted a proposed Order for Judge Beaird's signature dismissing Defendant Sahagan from this civil action. On June 7, 1996, Judge Beaird signed this proffered Order dismissing Defendant Sahagan. The last sentence of that Order read as follows:

The clerk is ordered to deliver a copy of this order by mail or otherwise to the parties as follows:

RALPH D. GAINES, III, ESQUIRE

LLOYD, SCHREIBER, GRAY & GAINES, P.C.

Two Perimeter Park South

Suite 100

Birmingham, Alabama 35243

GARVE IVEY, JR., ESQUIRE

KING, IVEY & JUNKIN

Post Office Box 1488

Jasper, Alabama 35502–1488

Noticeably absent from this judicial directive, and in apparent contradiction of Rule 77(d) of the Alabama Rules of Civil Procedure[2], was

---

1. The dismissed Defendant John Darren Sahagan has not filed an answer to this Court's December 5, 1996 Order to date.

2. Rule 77(d) of the Alabama Rules of Civil Procedure reads as follows:

Immediately upon the entry of an order or judgment the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 5 upon each party who is not in default for failure to appear, and **who was not present in person or by that party's attorney or not otherwise notified, when such order or judgment was rendered, and make a note on the docket of the mailing.** Such mailing is sufficient notice for all purposes for which notice of the entry of an order is required by these rules; but any party may in addition serve a notice of such entry in the manner provided in Rule 5 for the service of papers.

(emphasis added).

any instruction that counsel of record for Defendant Chrysler Corporation also receive a copy of this Order. According to the Walker County Circuit Court Clerk's notations, the June 7, 1996 Order was in fact never mailed or otherwise delivered by the Clerk to Defendant Chrysler's attorney. The non-diverse defendant having been dismissed, Chrysler was without knowledge that the case had become removable due to this error of omission and/or oversight on either the Walker County Circuit Court Clerk's part or the part of Mr. Gaines, Defendant Sahagan's attorney and drafter of the Order Judge Beaird eventually signed.

On July 19, 1996, counsel of record for Defendant Sahagan received a phone call from counsel of record for Defendant Chrysler in which counsel of record for Chrysler claims he first learned telephonically of the settlement between Sahagan and Plaintiff. By letter also dated July 19, 1996, Mr. Gaines informed counsel of record for the sole remaining defendant Chrysler Corporation in writing of the settlement with respect to Defendant Sahagan and enclosed a copy of the Walker County Circuit Court's Order of June 7, 1996. From all Court ordered responses received by this Court, this is the first time there was any notification to counsel for Defendant Chrysler that the Alabama Defendant Sahagan had been dismissed with prejudice as a party to the case. Five days later, on July 24, 1996, Defendant Chrysler removed this civil action to this United States District Court, predicating this Court's jurisdiction on diversity of citizenship and amount in controversy as provided in 28 U.S.C. § 1332(a)(1). Plaintiff's Motion to remand was filed exactly 30 days later, on August 23, 1996. In that Motion, Plaintiff takes the position that Defendant Chrysler's Removal was not timely filed.

## DISCUSSION

■ 28 U.S.C. § 1446(b) addresses situations such as this where the case stated by the pleadings initially does not provide for federal court jurisdiction and thus removal:

> If the case stated by the initial pleading is not removable, a Notice of Removal may be filed within thirty (30) days after receipt by the Defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is, or has become, removable. . . .

Plaintiff Davis's position is that the thirty days began to run from the date Judge Beaird entered the Order dismissing the diversity destroying defendant. However, the flaw in this argument is that the statute provides that the 30–day removal clock begins to run upon "receipt by the Defendant . . . of a copy of [a] paper" indicating that the case has become removable, not upon the actual moment in time when the case in reality does become removable. At no point in either his motion or the response to this Court's December 5, 1996 Order does Plaintiff call this Court's attention to any "amended pleading, motion, order, or other paper" received by Defendant Chrysler indicating removability other than the letter dated July 19, 1996 from Mr. Gaines to counsel for Chrysler. Clearly, this is "other paper from which it may be first ascertained that the case" had become removable within the meaning of 28 U.S.C. § 1446(b).

Therefore, it is the holding of this Court that the date of receipt of the letter from Mr. Gaines to Defendant Chrysler's attorney, dated July 19, 1996, which first alerted Chrysler of the existence of diversity due to the dismissal of the nondiverse Defendant Sahagan was the first day of the 30–day removal period.[3] Since Defendant Chrysler removed this civil action to this federal court on July 24, 1996, the removal was well within the statutorily prescribed period.

■ Alternatively, in its sound discretion and in view of the apparent error and/or

---

**3.** While there was a telephone call between counsel of record for Plaintiff and counsel of record for Defendant Chrysler before this letter was sent or received during which Chrysler's attorney first learned of the dismissal of Defendant Sahagan, the statute speaks in terms of "receipt by Defendant . . . of a copy of a pleading, motion, order, or other paper." Thus, the trigger in this case for the running of the 30–day removal period was Defendant Chrysler's receipt of the letter dated July 19, 1996, not the preceding phone call.

oversight in the failure of the Walker County Circuit Court Clerk to mail a copy of Judge Beaird's Order dismissing the nondiverse defendant to counsel of record for the Defendant Chrysler, this Court elects to exercise its inherent authority to expand the time for filing the Notice of Removal in this action so as to make the Chrysler removal timely as filed on July 24, 1996. And it is so ORDERED alternatively.

## CONCLUSION

For the foregoing reasons, this Court is of the opinion and holds that the Notice of Removal filed by Defendant Chrysler Corporation was timely and accordingly that the Motion to Remand filed by Plaintiff Davis on August 23, 1996 is due to be denied. An appropriate order in conformity with this Memorandum Opinion is contemporaneously entered.