**David R. STRAMEL, Plaintiff,**

v.

**GE CAPITAL SMALL BUSINESS FINANCE CORP. a/k/a ITT Small Business Finance Corporation, Defendant.**

**No. 4:96cv387.**

United States District Court,
E.D. Texas,
Sherman Division.

Feb. 28, 1997.

Stephen Kuzmich, The Law Offices of Stephen Kuzmich, Lewisville, TX, for Daniel R. Stramel.

Donald C. Templin, Haynes & Boone, Dallas, TX, for GE Capital Small Business Finance Corporation.

## MEMORANDUM OPINION AND ORDER

PAUL N. BROWN, District Judge.

### Introduction

The issue before the Court is whether a settlement demand letter sent by Plaintiff's attorney to Defendant's attorney may constitute an "other paper" as defined by 28 U.S.C. § 1446(b). Plaintiff, a citizen of Texas, brought suit in Texas state court on March 22, 1996 seeking recovery under the DTPA for damages allegedly caused by the Defendant's failure to fund a loan that it promised to make to Plaintiff. Defendant is a corporate citizen of Delaware and Missouri.

Plaintiff's Original Petition filed on March 22, 1996 did not allege any specific amount of damages. Plaintiff's First Amended Petition filed on August 9, 1996 also does not contain any allegations from which the amount in controversy could be determined.

On August 21, 1996,[1] Plaintiff's attorney reinstated in a letter to defense counsel his "initial offer to settle the case for $950,000." On November 20, 1996, Plaintiff filed his Second Amended Petition which seeks damages of approximately $29,000,000. Defendant filed its notice of removal the next day, November 21, 1996, claiming that this Court has diversity jurisdiction. Plaintiff timely filed a Motion to Remand arguing that Defendant's Notice of Removal was untimely filed.

### Discussion

28 U.S.C. § 1446(b) provides:

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading,

---

1. Plaintiff claims that the letter was dated August 16, 1996. However, since the five day disparity is not material to the Court's resolution of this matter, the Court does not resolve the issue of whether the letter was dated August 16, 1996 or August 21, 1996. Since neither party has raised the issue, the Court presumes that the letter was received in a timely fashion.

motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable....

The parties agree that if Plaintiff's Second Amended Petition filed on November 20, 1996 is the first paper from which it may be ascertained that the case has become removable, the Defendant's notice of removal was timely filed. However, if Plaintiff's August 21, 1996 letter is the first paper from which it may be ascertained that the case has become removable, then Defendant's removal was not timely. Therefore, the issue on remand may be distilled into one legal question:

> In a case with completely diverse parties, does the receipt of an unfiled settlement demand letter for more than $50,000 begin the timetable for filing a notice of removal?

## I. Unfiled Documents as "Other Paper"

■ Defendant argues that the settlement letter is not an "other paper" as defined by the removal statute. Citing three district court cases, which are an average of 19 years old and from courts outside of the Fifth Circuit, Defendant claims that the term "other paper" includes only papers that are *filed* in the case. *Holiday v. Travelers Ins. Co.*, 666 F.Supp. 1286 (W.D.Ark.1987); *Avco Corp. v. Local 1010*, 287 F.Supp. 132 (D.Conn.1968); *Putterman v. Daveler*, 169 F.Supp. 125 (D.Del.1958). However, the Fifth Circuit and district courts have rejected this view. *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir.1996) (transcript of deposition started timetable); *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir.1992) (answer to interrogatory started timetable), *cert. denied*, 507 U.S. 967, 113 S.Ct. 1402, 122 L.Ed.2d 774 (1993); *Jackson v. Mississippi Farm Bureau Mut. Ins. Co.,* 947 F.Supp. 252, 254 (S.D.Miss.1996) ("Consistent with Judge Henry Wingate's recent observation that the modern trend is to view the "other paper" language of § 1441(b) expansively, the court does not consider the fact that the plaintiffs' responses had been neither formally signed or filed as precluding removal....") (citation omitted). Accordingly, the Court finds that even an unfiled paper may constitute an "other paper."

## II. Correspondence Between Attorneys as "Other Paper"

■ Defendant also argues that correspondence between counsel is not "other paper" under 28 U.S.C. § 1446(b). However, a majority of courts have found that a letter between opposing counsel may satisfy the "other paper" criteria. This Court joins Judge Wingate's reasoning in the only case within the Fifth Circuit to squarely address this issue:

> The essential purpose of § 1446(b) is to commence the running of the 30–day period once the defendant receives the requisite written notice that the case has become removable. This actual notice may be communicated in a formal or informal manner. Accordingly, this court holds that a demand letter under proper circumstances may be accorded "other paper" status under § 1446(b).

*Sunburst Bank v. Summit Acceptance Corp.*, 878 F.Supp. 77, 82 (S.D.Miss.1995); *see also Wilson v. Belin*, 20 F.3d 644, 651 n. 8 (5th Cir.), *cert. denied*, 513 U.S. 930, 115 S.Ct. 322, 130 L.Ed.2d 282 (1994) (Because the record contains a letter, which plaintiff's counsel sent to defendants stating that the amount in controversy exceeded $50,000, it is 'apparent' that removal was proper); *Rahwar v. Nootz*, 863 F.Supp. 191 (D.N.J.1994); *Broderick v. Dellasandro*, 859 F.Supp. 176 (E.D.Pa.1994); *Fairchild v. State Farm Mut. Auto. Ins. Co.*, 907 F.Supp. 969 (M.D.La. 1995); *Petersen v. Cates Sheet Metal Indus., Inc.*, 1996 WL 40999 (W.D.Mo.1996) (unreported); *White v. Gould*, 1992 WL 7032 (E.D.Pa.1992) (unreported); *Basinger v. Federated Dep't Stores, Inc.*, 1992 WL 193491 (E.D.La.1992) (unreported).

## III. Application of Law to Facts

■ Having found that the settlement letter may constitute an "other paper" under the statute, the court must now "determine whether the contents of the demand letter in the case *sub judice* make this case removable." *Sunburst Bank*, 878 F.Supp. at 82. As illustrated by Judge Cobb:

> [P]laintiffs have asked for approximately $73,000 to settle this case. As economics help us understand, the rational amount

for which one is willing to settle is generally less than the maximum jury award that is reasonably plausible at the conclusion of a successful trial. From an economic viewpoint, then, clearly there is greater than $50,000 in controversy.

*Carnahan v. Southern Pac. R.R. Trans. Co.,* 914 F.Supp. 1430, 1431–32 (E.D.Tex.1995); *DSC Communications Corp. v. Next Level Communications,* 929 F.Supp. 239, 247 n. 9 (E.D.Tex.1996) (discussing methods of valuating a case for settlement purposes), *aff'd in part and vacated in part on other grounds,* 1997 WL 87749 (5th Cir. Feb. 28, 1997). Plaintiff unequivocally requested $950,000 to settle this case in his August 21, 1996 demand letter. On this date, it should have been apparent to Defendant that the amount in controversy exceeded $50,000. This demand letter, when received, was the first time that it could "be ascertained that the case is one which is or has become removable . . . ." 28 U.S.C. § 1446(b).

### *Conclusion*

Defendant's notice of removal was untimely filed. Therefore, Plaintiff's Motion to Remand should be granted. All other relief sought by either party, including an award of attorneys' fees, should be denied.

IT IS SO ORDERED.