**GOLDEN APPLE MANAGEMENT CO., INC., Plaintiff,**

v.

**GEAC COMPUTERS, INC., etc., Defendant.**

**No. Civ.A. 97–C–1314–S.**

United States District Court, M.D. Alabama, Southern Division.

Jan. 13, 1998.

---

Edward M. Price, Jr., J. Vincent Edge, Farmer, Price, Hornsby & Weatherford, Dothan, AL, for Golden Apple Management Company, Inc., a corporation, plaintiff.

Peter S. Fruin, Maynard, Cooper & Gale, P.C., Montgomery, AL, Patrick C. Cooper, Maynard, Cooper & Gale, P.C., Birmingham, AL, for Geac Computers, Inc. dba Geac Visionshift, a corporation, defendant.

### MEMORANDUM OPINION AND ORDER

CARROLL, United States Magistrate Judge.

This matter is before the court for consideration of plaintiff's motion to remand filed September 8, 1997. The parties have filed submissions on the motion and this matter is now ready for resolution. For the reasons stated below, the court finds that the motion to remand is due to be granted.

### DISCUSSION

On or about May 7, 1997, plaintiff, Golden Apple Management Company, commenced this action in the Circuit Court of Houston County, Alabama against Geac Computers, Inc., doing business as Geac Visionshift, (hereinafter referred to as "Geac"). Plaintiff alleges causes of action for breach of the Alabama Extended Manufacturer's Liability Doctrine, negligence, fraud and suppression related to its purchase of computer program software from Geac. In the complaint, plaintiff states that it seeks "compensatory damages in an amount in excess of Ten Thousand Dollars ($10,000) and punitive damages in an amount to be assessed by a jury, together in interest from the date on injury, and the costs of this action."

On August 29, 1997, Geac removed the action to this court pursuant to 28 U.S.C. § 1441 asserting federal court jurisdiction based upon diversity of citizenship. 28 U.S.C. § 1332. Plaintiff filed a motion to remand arguing that action was not timely removed in accordance with the thirty day requirement of 28 U.S.C. § 1446(b).

Section 1446(b) prescribes the time limitations for removing an action as follows:

> The notice of removal for a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter.

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, ...

█ Plaintiff does not argue that the action should have been removed within thirty days of service of the complaint. Plaintiff instead proffers, "[a]ssuming *arguendo* that the case stated by the initial pleadings was not removable, the thirty days began to run on June 6, 1997" when Geac received a letter from plaintiff "with 'particulars' about the damages claimed by September 8, 1997," at ¶¶ 3–4, Exhibit B. According to plaintiff, the settlement negotiation letter was "paper" from which Geac could have ascertained that the action was removable. Geac argues that the settlement negotiation letter is not "other paper" as contemplated by the statute and that plaintiff's response to the requests for admissions, received on August 14, 1997, is the first "other paper" from which removability could be ascertained. Therefore, Geac concludes, removal was timely because it occurred within thirty days of receipt of plaintiff's response to defendant's requests for admissions.

█ Since removal is a statutory privilege, the removing party must comply with the procedural requirements mandated in the statute. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 104, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). The court agrees with Geac that plaintiff's responses denying the requests for admission that the full measure of plaintiff's damages in this action is $75,000 or less and that plaintiff cannot recover more than $75,000 in compensatory and/or punitive damages is "other paper" which advised Geac that the amount in controversy satisfied the minimum requirement for diversity of citizenship jurisdiction, and that the action was, therefore, removable. *See Wilson v. General Motors Corp.,* 888 F.2d 779 (11th Cir.1989); *Robinson v. GE Capital Mortgage Serv., Inc.,* 945 F.Supp. 1516 (M.D.Ala.1996). The issue in this action, however, is not whether plaintiff's response to the request for admission constitutes "other paper," but whether Geac cam be charged with knowledge of removability of the action prior to receipt of plaintiff's response to the request for admission. *Mallard v. Prudential Ins. Co.,* Civil Act. No. 95–A–908–N, 1996 WL 170126 at *2 (M.D.Ala. Mar.29, 1996). *See also Webster v. Dow United Tech. Composite Products, Inc.,* 925 F.Supp. 727, 729 (M.D.Ala.1996); *Naef v. Masonite Corp.,* 923 F.Supp. 1504, 1512 (S.D.Ala.1996) (The court must determine at what point defendants could have intelligently ascertained that the action was removable through reasonable scrutiny of the pleadings and facts of the action as it developed in state court.) The statute, after all, requires removal within thirty days "from which it may *first* be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b) (emphasis added). Thus, the court must determine whether, under the circumstances of this case, the June 6, 1997, settlement negotiation letter is "other paper" from which Geac should have *first* ascertained that the amount in controversy in this action exceeds the minimum amount for fed-

eral court jurisdiction based on diversity of citizenship.

There is significant division among the district courts whether a settlement demand letter constitutes "other paper" from which it first may be ascertained that an action is removable. Some courts have declined to recognize correspondence between attorneys as "other paper" as contemplated by the statute because correspondence is not a paper which was filed of record. *Putterman v. Daveler,* 169 F.Supp. 125 (D.C.Del.1958). *Accord Lillard v. Joint Medical Prod.,* 1995 WL 20609 (N.D.Cal.1995); *Sfirakis v. Allstate Insur. Co.,* 1991 WL 147482 (E.D.Pa. 1991); *Interior Glass Serv., Inc. v. FDIC,* 691 F.Supp. 1255 (D.Alaska 1988); *Bonnell v. Seaboard Air Line R.R. Co.,* 202 F.Supp. 53, 55 (N.D.Fla.1962). Other courts have concluded that correspondence between counsel is indeed "other paper." *See Stramel v. GE Capital Small Business Finance Corp.,* 955 F.Supp. 65, 67 (E.D.Tex.1997); *Rodgers v. Northwestern Mut. Life Ins. Co.,* 952 F.Supp. 325 (W.D.Va.1997); *Rahwar v. Nootz,* 863 F.Supp. 191 (D.N.J.1994); *Central Iowa Agri–Systems v. Old Heritage Adver. & Publishers, Inc.,* 727 F.Supp. 1304 (S.D.Iowa 1989); *Hessler v. Armstrong World Indus.,* 684 F.Supp. 393 (D.Del.1988).

■ In addition, courts recently have placed less emphasis on whether the documents allegedly disclosing facts necessary to support removal were actually filed with the court. This is evidenced by the trend among courts, including this district court, recognizing deposition testimony as "other paper." *See Mallard,* 1996 WL 170126 at *2; *S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 494 (5th Cir.1996); *Brooks v. Solomon Co.,* 542 F.Supp. 1229, 1230 (N.D.Ala.1982); *Fuqua v. Gulf, Colo. & S. Ry.,* 206 F.Supp. 814, 815 (E.D.Okla.1962). Thus, the "filing with the court" requirement has become less important to satisfy the "other paper" criteria. *See Davis v. Chrysler Corp.,* 950 F.Supp. 327 (N.D.Ala.1997); *Stramel v. GE Capital Small Business Finance Corp.,* 955 F.Supp. at 67 (*citations therein*). *See also Yarnevic*

*v. Brink's, Inc.,* 102 F.3d 753, 755 (4th Cir. 1996) ("other paper" requirement is broad enough to include any information received by the defendants, whether communicated informally or formally). Accordingly, this court finds that the June 6, 1997 settlement negotiation letter is not precluded from being considered "other paper" merely because it was not a document filed with the state court. In fact, in *Gilardi v. Atchison, Topeka and Santa Fe Ry. Co.,* 189 F.Supp. 82 (N.D.Ill.1960), the court specifically dismissed the "filing with the court" requirement, and defined "other paper" as "such court processes even though not required to be filed, so long as these papers are part and parcel of the State Court proceedings having their origin and existence by virtue of the State Court processes." *Id.* at 84. In its application, the "part and parcel" requirement appropriately operates to preclude plaintiff's attempts to argue that removal should be based on a document separate from the action *sub judice. See, e.g., Johansen v. Employee Benefit Claims, Inc.,* 668 F.Supp. 1294, 1296–1297 (D.Minn.1987) (a subsequently decided case or a document from a completely separate litigation is not "other paper"). Since a settlement demand is necessarily part of the process for any action, whether pending in state or federal court, the "part and parcel requirement" alone, would not preclude considering a settlement negotiation letter as "other paper."

■ This court finds that the more compelling consideration that should dictate whether a settlement negotiation letter should be considered "other paper" from which removability should have been ascertained is whether, under the circumstance of the case, the settlement letter includes the facts that are necessary to support removal. *See Rowe v. Marder,* 750 F.Supp. 718, 720 (W.D.Pa.1990) (the relevant inquiry for determining whether a document commences the running of the removal limitation period is what the document says). While such an approach does not lend itself to a hard fast rule and requires case by case analysis, this court finds that this is the only reasonable

means to balance the defendant's obligation to remove an action as early as possible with the plaintiff's practice of drafting a pleading that, on its face, does not state facts that support federal jurisdiction. *See generally, Weaver v. Miller Electric Manufacturing Co., Inc.,* 616 F.Supp. 683, 686 (S.D.Ala.1985) (discussing concerns about a defendant delaying removal when he knows the facts necessary for removal and the court becoming entangled in a lengthy fact-finding process to determine removability.) With these principles in mind, the court will now discuss whether the circumstances of this action support finding that the June 6, 1997 settlement negotiation letter is "other paper" from which Geac should have ascertained removability.

■ At the onset, it is important to note that the relief requested in the complaint is stated in minimal terms solely to establish circuit court jurisdiction.[1] Therefore, although the face of the complaint does not allege damages to satisfy the minimum requirement for federal jurisdiction, Geac is sufficiently on notice that this is an area for inquiry. *See generally Eaton v. Dorchester Dev., Inc.,* 692 F.2d 727, 729 (11th Cir.1982) (one of the primary purposes of discovery is to clarify issues related to jurisdiction as well as the claims). In lieu of filing a response to the complaint and pursuing discovery, Geac sought to engage in settlement negotiations and, therefore, requested that plaintiff provide "particulars of the actual amount" of damages claimed. Letter from Ruth Klein, Associate Counsel for Geac, to J. Vincent Edge, counsel for plaintiff, Exhibit A—Motion To Remand filed September 8, 1997. In response to that request, the June 6, 1997 settlement negotiation letter that plaintiff sent to Geac's associate counsel advises that

the damages that it could "readily attribute to the defective condition of the Geac software" include Geac software costs, consultant costs and personnel costs which amount to $105,432. Motion to Remand filed September 8, 1997, Exhibit B. Given the specific information that the letter provides to support its claim for damages, it is apparent that plaintiff was offering a reasonable assessment of the value of its claim.[2] *See Broderick v. Dellasandro,* 859 F.Supp. 176, 179 (E.D.Pa.1994) (discussing difference between settlement demand letters that offer an honest assessment of damages and those that are mere posturing). *Compare Sfirakis v. Allstate Insur. Co.,* 1991 WL 147482 (E.D.Pa. 1991) ($300,000 settlement demand where verified complaint unequivocally states that damages do not exceed $20,000 and action was filed in a court of limited jurisdiction was too cryptic to be considered anymore than "posturing by counsel to stake out a position for settlement purposes"). In addition to the specificity of the settlement negotiation letter thereby making the amount of damages sought easily ascertainable, the court finds particularly relevant the fact that the settlement negotiation letter was sought by Geac in lieu of using available discovery. A defendant cannot forgo one recognized means of obtaining information related to jurisdiction for another and then argue that the manner in which the information was provided, which was in compliance with defendant's request, precludes imputing knowledge of the information to the defendant. *Accord Rahwar v. Nootz,* 863 F.Supp. 191 (D.N.J.1994). Such manipulation would provide a windfall for the defendant which is clearly contravened by the removal statute's emphasis on effecting removal as soon as possible. If Geac had not requested "particulars of the actual amount claimed by [Golden Apple]," and had plain-

---

1. The circuit courts for the state of Alabama exercise jurisdiction only over civil actions in which the amount in controversy exceeds ten thousand dollars ($10,000). ALA.CODE § 12–11–30.

2. Interestingly, given the specificity and thoughtfulness of the settlement negotiation letter, if plaintiff were to challenge this court's jurisdiction, it would have to show that it is a legal certainty that the amount in controversy is less

than the minimum federal jurisdictional requirement. *See Taylor v. Campbell,* 852 F.Supp. 978 (M.D.Ala.1994) (outlining the averments that must be included in a plaintiff's affidavit supporting remand based on challenge to satisfaction of amount in controversy requirement). This would require a blatant contradiction by plaintiff.

tiff's response not been so specific, this court's ruling might be different.[3] However, under the circumstances of this case, the court finds that it is not unreasonable to expect that Geac should have ascertained from the settlement letter that the amount in controversy exceeded the minimum requirement for federal court jurisdiction and should have removed the action accordingly.[4]

## CONCLUSION

For the foregoing reasons, the court finds that this action was not timely removed and, therefore, plaintiff's motion to remand filed September 8, 1997 is due to be and is hereby GRANTED. The clerk of this court is DIRECTED to take the steps necessary to effectuate the remand of this case to the Circuit Court of Houston County, Alabama, on the fifteenth day following the filing of this order.

**3.** The court is not concerned that its ruling will have a chilling effect on early, thoughtful settlement negotiation. In addition to the long standing financial interests that favor early resolution, extrajudicial communication between counsel concerning the computation of damages claimed is required by Rule 26(a)(1)(C) of the Federal Rules of Civil Procedure. Additionally, a plaintiff will not be permitted to proffer a general, laconic settlement demand as "other paper" from which removability should have been ascertained. As this court stated earlier, the focus of its inquiry is whether the facts necessary to support removability can be ascertained from the proposed "other paper."

**4.** The court recognizes that Geac may have refrained from removing the action while the parties were attempting settlement, and that this may excuse Geac from not removing within thirty days of receipt of the plaintiff's June 6, 1997 settlement negotiation letter. However, since Geac filed an answer on August 13, 1997, removal should have at least been affected simultaneously.