Kayte DEL REAL, Plaintiff,

v.

HEALTHSOUTH CORPORATION,
a Delaware Corporation
Defendant.

No. CIV01–1511–PHX–SMM.

United States District Court,
D. Arizona.

Nov. 5, 2001.

Teresa Hughes Foster, Ernst Paul Jan-ensch, Ellis & Baker PC, Phoenix, AZ, for Plaintiff.

Kimberly Jackson Kauffman, Snell & Wilmer LLP, Phoenix, AZ, Lewis Tray-wick Duffie, Peter Graves Golden, Emily J. Burkhardt, Hunton & Williams, Atlanta, GA, for Defendant.

## ORDER

McNAMEE, Chief Judge.

Pending before the Court is Plaintiff's motion to remand this action to state court pursuant to 28 U.S.C. § 1447(c). Plaintiff also seeks costs and attorney's fees incurred as a result of what Plaintiff contends is an attempt at improper removal by Defendant. After considering the arguments raised by the parties, the Court now issues the following ruling.

## BACKGROUND

Beginning on May 17, 1999, Kayte Del Real ("Plaintiff") was employed by Defendant HealthSouth, a Delaware Corporation. HealthSouth employed Plaintiff as its Clinical Director of Nursing, with responsibility for clinical operations at HealthSouth's Surgery Services in Scottsdale, Arizona. (Compl.¶ 4.)

From September 2000 to May 2001, Plaintiff alleges that she became aware that Dr. Steven Laitin and others at HealthSouth engaged in misconduct, which she believed could have resulted in violations of certain state and federal medical regulations. (*Id.* ¶ 8.) Plaintiff, as well as other personnel, provided documentation to HealthSouth Administration about the potential violations; however, Plaintiff alleges that HealthSouth never responded to this documentation and the conduct continued. (*Id.* ¶¶ 9, 10.)

On June 7, 2001, Plaintiff claims that Dr. Laitin was upset with her for reporting his alleged misconduct, and made multiple phone calls to HealthSouth's corporate officers insisting that they terminate her. (*Id.* ¶ 11.) The following day, Plaintiff informed Beth Winstead, her supervisor at another facility, that she was leaving early. (*Id.* ¶ 13.) Plaintiff claims she also called Nejbauer to inform her she was leaving early; however, Nejbauer was unable to take the call. (*Id.*) Plaintiff then alleges that she told Rose Sparks, a fellow employee, to inform Nejbauer that she would be leaving early. (*Id.*)

The following Monday, Nejbauer informed Plaintiff that she was terminated for insubordination for failing to inform her directly that she was leaving early the prior Friday. (*Id.* ¶ 15.) Nevertheless, Plaintiff claims she was fired in retaliation for her reports about Dr. Laitin's misconduct. Following termination, Plaintiff claims that Nejbauer confirmed she was entitled to a severance package, which she never received. (*Id.* ¶ 17.)

In the Complaint, Plaintiff alleges that as a result of the wrongful termination, HealthSouth must pay damages for unpaid wages totaling $26,356.15, unpaid time off totaling $7,295.93, and treble the amount of a severance package that has no amount assigned in the Complaint. The Plaintiff states that the total amount in controversy is $32,797.96, which does not exceed the amount necessary for subject matter jurisdiction. Plaintiff, therefore, seeks remand back to state court.

HealthSouth claims that Plaintiff is seeking over $75,000 in alleged damages and that the Court clearly has subject matter jurisdiction. In computing this amount, Defendant is considering evidence beyond the face of the Complaint, which shows that the Plaintiff believes a reasonable amount for a severance package is $65,203.84. Trebling this amount, as requested in the Plaintiff's Complaint, would exceed the minimum necessary for jurisdiction.

## STANDARD OF REVIEW

Under the federal removal statute, 28 U.S.C. § 1441, "[o]nly state court actions that originally could have been filed in federal court may be removed to federal court ...." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Removal

statutes are strictly construed to limit the federal court's authority to that expressly provided by Congress and to protect the states' judicial powers. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *see also Salveson v. W. States Bankcard Assoc.,* 731 F.2d 1423, 1426 (9th Cir.1984). A federal court lacks jurisdiction until the removing party carries its burden of showing that jurisdiction is proper. *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921). To determine whether it has subject matter jurisdiction a Court may entertain extrinsic evidence, weigh evidence, and where necessary, resolve factual disputes. *Roberts v. Corrothers,* 812 F.2d 1173, 1177 (9th Cir.1987).

## DISCUSSION

■ In cases where a state court complaint does not specify particular amounts of damages, the removing defendant has the burden of proving, by preponderance of the evidence, that the amount in controversy exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398 (9th Cir.1996). Under this burden, the defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds $75,000. *Id.* at 404; 28 U.S.C. § 1332. In considering all of the materials submitted to the Court, the evidence suggests that more than $75,000 is at issue in this action. The original Complaint itself referred to trebling the amount of a "severance package" on top of all other monetary damages, provides evidence that the amount in controversy may exceed $75,000. Moreover, Defendants, in attempting to prove this by the preponderance of the evidence, provided a demand letter sent by Plaintiff establishing that a reasonable severance package would include, among other things, one year's salary priced at $65,203 and payment of Plaintiff's continued health insur-

ance under COBRA for at least eighteen months or to the date Plaintiff is covered under a new policy. These two requests, coupled with the monetary damages already listed in the Complaint, clearly exceed the jurisdictional amount, let alone trebling the amount as requested in the original Complaint.

Additionally, Defendants provide a stipulation sent to Plaintiff stating that they would voluntarily remand back to state court if Plaintiff were to agree that she will not seek to accept or collect more than $75,000. The Plaintiff refused, which the Court takes as another indication Plaintiff is seeking an amount in excess of the jurisdictional requirement.

According to *Roberts v. Corrothers,* the court may entertain extrinsic evidence in order to determine subject matter jurisdiction. 812 F.2d 1173, 1177 (9th Cir.1987). Furthermore, as to whether a demand letter is admissible as evidence, many courts have ruled that even if initial pleadings in a case do not support the amount in controversy requirement for diversity jurisdiction, defendants may use a variety of documents, including a written settlement demand, as "other paper," to determine if the case is removable. 28 U.S.C. § 1332(a), 1446(b); *Martin v. Mentor Corp.,* 142 F.Supp.2d 1346, 1349 (M.D.Fla. 2001); *Golden Apple Mgmt. Co. v. GEAC Computers,* 990 F.Supp. 1364, 1368 (M.D.Ala.1998); *Stramel v. GE Capital Small Bus. Fin. Corp.,* 955 F.Supp. 65, 67 (E.D.Tex.1997). The Court, therefore, finds that the evidence submitted by the defendants is not only admissible, but that they have established that it is "more likely than not" an amount in controversy which exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir.1996).

Since the Court concludes that Defendant, by the preponderance of the evi-

dence, demonstrated that the amount in controversy more likely than not exceeds $75,000, the issue of sanctions, proposed by Plaintiffs, claiming HealthSouth made false and misleading arguments for the purpose of delaying the resolution of the merits is moot. Furthermore, the Court did not take into consideration the Surreply Brief submitted by the Defendants, or the Reply to the Surreply submitted by the Plaintiffs.

## CONCLUSION

For the reasons stated in the foregoing discussion,

**IT IS SO ORDERED** that the amount in controversy meets the subject matter jurisdiction necessary and the Motion to Remand (Doc. 13) is DENIED.

**IT IS FURTHER ORDERED** that Defendant's Motion to file a Surreply Brief (filed on October 9, 2001) is DENIED.