Wilber H. **FEHRMAN**

v.

**HEARST CONSOLIDATED PUBLICATIONS, INC.**

**Civ. No. 10979.**

United States District Court
D. Maryland.
Feb. 6, 1959.

Robert Gordon King and James B. Wheatley, Towson, Md., for plaintiff.

Karl F. Steinmann, Nicholas V. Broccolino and Stanley I. Morstein, Baltimore, Md., for defendant.

THOMSEN, Chief Judge.

Plaintiff has moved to remand this case to the Circuit Court for Baltimore County on the ground that defendant's petition for removal was not filed within twenty days after defendant was served with a copy of the declaration, as required by 28 U.S.C.A. § 1446(b). Defendant concedes that its petition for removal was not timely filed, but contends that timely filing is not jurisdictional, and that plaintiff waived his right to ob-

ject by delay in filing his motion to remand and by filing in this court exceptions to defendant's request for admissions.

The declaration was filed in the Circuit Court for Baltimore County on September 24, 1958. A summons and copy of the declaration were served on defendant on September 25, 1958. The petition for removal was filed in this court on October 17, 1958. Defendant filed its answer on October 22, 1958, and a request for admissions on December 19, 1958. On December 29, 1958, plaintiff filed a paper entitled "Motion to Refuse Jurisdiction" on the ground that the petition for removal was not timely filed, and on January 2, 1959, filed exceptions to defendant's request for admissions. At the hearing on the motion and exceptions, counsel for plaintiff asked and were granted leave to file a proper motion for remand, and did so on January 29, 1959, on the same ground stated in the so-called motion to refuse jurisdiction. The motion to refuse jurisdiction might properly be treated as a motion to remand; in any event the delay in filing the motion to remand was not sufficient to waive plaintiff's right to object to the timeliness of the petition for removal.

Nor did plaintiff acquiesce in the removal to the federal court by filing exceptions to defendant's request for admissions; something more than such protective action is required to constitute acquiescence or waiver.

The motion to remand will be granted.