**Frederick W. HORAK and Jean Horak, his wife, Plaintiffs,**

v.

**COLOR METAL OF ZURICH, SWITZERLAND, a corporation, H. C. M. Corporation, a corporation of the State of Delaware and Consolidated International Corporation, a corporation of Illinois, Defendants.**

Civ. A. No. 230-68.

United States District Court
D. New Jersey.
June 4, 1968.

Jennings & Waxman; by Marvin Waxman, East Orange, N. J., for plaintiffs.

Budd, Larner, Kent & Gross, by Mark D. Larner, Newark, N. J., for Color Metal of Zurich, Switzerland and H.C.M. Corp.

Eugene Jume, Lakewood, N. J., for Consolidated Int. Corp.

## OPINION

COOLAHAN, District Judge:

This action was commenced in the Superior Court of New Jersey, Law Division, to recover an unspecified amount of damages for injuries which plaintiff incurred as a result of the allegedly negligent manufacture and sale by defendants of an offset printing press to plaintiff's employer, the Neo Printing Co., of South Hackensack, New Jersey. Defendant H.C.M. Corporation (hereinafter referred to as "H.C.M.") was served with a copy of the Summons and Complaint by registered mail, return receipt requested, pursuant to Rule 4:4-4 (d) of the rules governing Civil Practice of the Superior Court of New Jersey, New Jersey's "Long Arm Statute." It was received on January 25, 1968 at H.C.M.'s place of business in Great Neck, New York. Defendant Consolidated International Corporation (hereinafter referred to as "Consolidated") was served in the same manner on January 25 at its principal office in Chicago, Illinois. Defendant Color Metal of Zurich, Switzerland (hereinafter referred to as "Color Metal") was served at its principal office in Zurich, Switzerland on January 29, 1968. Defendants H.C.M. and Color Metal filed a petition for removal in this court on March 12, 1968; defendant Consolidated joined in that petition on April 12, 1968. The case is before the court at the present time on the plaintiff's motion to remand it to the Superior Court of New Jersey, Law Division, whence it came.

Plaintiff bases his motion on 28 U.S.C. § 1447(c), which requires remand of cases improvidently removed, claiming that defendants did not comply with the time limitations for removal contained in 28 U.S.C. § 1446(b), which provides as follows:

The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based * * *.

If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

He points out that the H.C.M. and Color Metal petitions were not filed until March 12, 1968, well beyond thirty days from the time that the complaints were received, and that the Consolidated petition, absolutely necessary for removal to be effected,[1] was not filed until a month after that.

Defendants do not deny that their petitions were filed beyond the thirty days required by 28 U.S.C. § 1446(b). Instead, they rest their claim that removal was proper on the second paragraph of that section, arguing that the case stated by plaintiff's initial pleading was in fact not removable, because: 1) there was no indication as to

---

[1]. There can be no question but that all defendants must join in a petition to remove. See Fugard v. Thierry, 265 F. Supp. 743 (D.C.Ill.1967); Heatherington v. Allied Van Lines, Inc., 194 F.Supp. 6 (W.D.S.C.1961).

defendant Consolidated's principal place of business, precluding defendants H.C. M. and Color Metal from ascertaining whether there was diversity between plaintiff and all defendants; 2) there was no ad damnum clause in the complaint, in accordance with New Jersey procedure, R.R. 4:8–1, precluding defendants from ascertaining whether the matter in controversy exceeded the sum of $10,000. Although defendants do not suggest that plaintiff filed, subsequently to the filing of the complaint, any "amended pleading, motion, order or other paper" which did in fact permit them to ascertain that the case is removable, thus raising question whether, at the very least, defendants' removal was premature, it is the court's view that plaintiff's complaint did state a removable case, and that defendants' failure to petition for removal within thirty days of service of the complaint upon them precludes them from removing the case to this court at the present time.

Defendants' first contention with respect to the inadequacy of plaintiff's complaint is without merit, as paragraph 2 of the complaint states that "Defendant Consolidated International Corporation * * * has its principal place of business at 4501 South Western Avenue, Chicago, Illinois." As a result, defendants could immediately tell from the complaint that there was complete diversity between plaintiff and defendants.

Defendants' second argument raises some difficult questions. Essentially, it poses a challenge to prompt removal of non-liquidated damage cases from the New Jersey courts to this court, since defendant is in effect suggesting that removal in such cases may be delayed

months, until the plaintiff positively indicates to the defendant that he is seeking more than $10,000 in damages. Unfortunately for the defendants, the language of Section 1446 itself precludes such an interpretation. It will be noted that the portion of paragraph two of part (b) of that section, which permits late petition for removal after plaintiff has served upon defendant "an amended pleading, motion, order or other paper" permitting it to ascertain the removability of the case, is prefaced by the following clause: "*If* the case stated by the initial pleading is not removable. * * * *" (Emphasis added.) As a result, the removability of the case in the first instance is the sole matter for consideration when a defendant attempts to rely on the second paragraph of Section 1446(b).

■ Case law on the removability of unliquidated damage claims appears to support the proposition that such claims may be removed if the federal court, upon a review of the complaint, considers that more than $10,000 is at stake. See Alabama ex rel. Flowers v. Robinson, 220 F.Supp. 293 (N.D.Ala.1963); Dri. Mark Products, Inc. v. Meyercord Co., 194 F.Supp. 536 (S.D.N.Y.1961); Mayor and City Council of Baltimore v. Weinberg, 190 F.Supp. 140 (D.Md.1961); Cross v. Oneida Paper Products Co., 117 F.Supp. 919 (D.N.J.1954); Seber v. Spring Oil Co., 33 F.Supp. 805 (N.D. Okla.1940); Daland v. Hewitt Soap Co., 27 F.Supp. 482 (S.D.N.Y.1939). That being the case, all that remains to be done is to examine the complaint and determine whether it does effectively state a claim for more than $10,000.[2]

2. See 1A Moore, Federal Practice ¶ 0.168 [3.–5], at 1241, where Professor Moore stated, without citation to cases:
Under some state practices an ad damnum clause is not required or has been eliminated, as where damages are unliquidated. If, as a result of this practice, the defendant is unable to determine whether the jurisdictional amount is present, the defendant's time for removal should not begin to run un-

til he is apprised of a claim by the the plaintiff for an amount that satisfies the jurisdictional requirement. For example, where the defendant may make a demand upon the plaintiff for a statement as to damages and he does so, defendant's time for removal should begin to run from the time of the receipt by him of the plaintiff's answer or reponse to defendant's demand, which shows a claim that satisfies the

■ In the present case, there can be no question but that more than $10,-000 is at stake. As a result of defendants' negligence, the complaint states, plaintiff suffered the loss of his right arm; such a serious injury would likely, should the defendants be found negligent, warrant a recovery in excess of $10,000.

■ In addition, the equities present appear to support the plaintiff's position. No further papers were filed by the plaintiff subsequent to his complaint which indicated to the defendants that the case was worth more than $10,000. Defendants' own petition for removal states that the case involves more than $10,000; this information was apparently gleaned from the complaint. Defendants cannot now be heard to challenge the very facts they alleged in their petition for removal. Remand to the state court will not be barred because of defendants' challenge to the sufficiency of the complaint. The complaint having stated a removable cause of action, and the defendants having failed to file a petition for removal within the thirty days prescribed by 28 U.S.C. § 1446, the plaintiff's motion to remand to the Superior Court of New Jersey will be granted.

■ In addition to challenging the sufficiency of the complaint, defendants urge that plaintiff waived any right it might have had to challenge their failure to abide by the thirty day rule. Specifically, they allege that counsel for the plaintiff represented to their counsel on February 28, 1968 that plaintiff would not attempt to require defendants' adherence to the letter of Section 1446. This contention must be rejected. For one thing, the communication allegedly came on February 28, more than one month after the first complaint was served. More importantly, however, there can be no doubt that plaintiff could not, simply by its word, acquiesce in defendants' delay in filing. Although there may be some support for the proposition that certain *actions* on the part of a plaintiff, such as fraudulent joinder of resident defendants, may cause his rights to object to late filing to be waived,[3] there can be no doubt that a *stipulation* by the parties is not sufficient to extend defendant's time to petition for removal. As was stated in the case of Peter Holding Co., v. Le Roy Foods, Inc., 107 F.Supp. 56, 57–58 (D.N.J.1952):

> Where the right of removal has been lost by failure to file a petition within the statutory period, it cannot be restored by order of the court or by stipulation of the parties. The statutory period is an inflexible rule of law determining the time within which an application to remove must be made, and the court has no discretionary power to enlarge this period.[4]

---

jurisdictional amount required for removal.

Although it is likely, were the "Moore rule" applied to the facts of the present case, that defendant's removal would still have been improper, since it is this court's finding that the complaint was such as to permit easy determination that the jurisdictional amount was in question, it appears that, analytically, Professor Moore has, as a matter of statutory interpretation, missed the point. To be considered, under 28 U.S.C. § 1446, is not whether *defendant* can initially determine whether the jurisdictional amount is present, but rather whether the complaint, as viewed by the *court*, states the jurisdictional amount. But cf. Bonnell v. Seaboard Air Line R. R. Co., 202 F.Supp. 53 (N.D.Fla.1962).

3. See Weeks v. Fidelity and Cas. Co., 218 F.2d 503 (5th Cir. 1955); Parks v. New York Times Co., 195 F.Supp. 919 (M.D. Ala.1961); Fehrman v. Hearst Consol. Publications, Inc., 170 F.Supp. 95 (D.Md. 1959); Oil Tank Cleaning Corp. v. Reinauer Transp. Co., 149 F.Supp. 401 (E.D.N.Y.1957); Hamilton v. Hayes Freight Lines, Inc., 102 F.Supp. 594 (E.D.Ky.1952).

4. See also Porter v. Silmica Corp., 225 F.Supp. 929 (E.D.Ky.1964); Robinson v. LaChance, 209 F.Supp. 845 (E.D.N.C. 1962); Adams v. Ralph L. Smith Lumber Co., 181 F.Supp. 729 (N.D.Cal.1960); Sunbeam Corp. v. Brazin, 138 F.Supp. 723 (E.D.Ky.1956). But cf. McLeod v. Cities Service Gas Co., 233 F.2d 242 (10th Cir. 1956).

As a result, any agreement between plaintiff and defendants which might have been made on February 28 can be of no effect.

Plaintiff's motion to remand the case to the Superior Court of New Jersey will be granted.

Let an appropriate order be submitted.