Nicholas RICHMAN, et al., Plaintiffs,

v.

ZIMMER, INC., Defendant.

No. 85–8535–Civ.

United States District Court,
S.D. Florida.

June 26, 1986.

L. Marti Flanagan, Jones and Foster, P.A., West Palm Beach, Fla., Thomas R. Lemon, Rasor, Harris, Lemon and Reed, Warsaw, Ind., for defendant.

Jay B. Green, Ft. Lauderdale, Fla., Sams, Ward, Newman & Lovell, P.A., Cooper, Wolfe & Bolotin, P.A., Miami, Fla., for plaintiffs.

## ORDER GRANTING MOTION FOR REMAND AND ORDER OF REMAND

PAINE, District Judge.

This cause is before the Court for consideration of the plaintiffs' motion for remand (D.E. 16). For the reasons set forth below, we have determined that the motion should be granted, and an Order of Remand should be issued.

The original complaint for personal injuries resulting from a defective hip replacement system surgically implanted in the plaintiff, NICHOLAS RICHMAN'S body was filed on or about August 1, 1985 in the state court for the State of Florida. That complaint contained the following pertinent

allegations: (1) That the amount of damages exceeded $5,000.00; (2) That the plaintiff's damages consisted of medical expenses (including surgery), aggravation of a pre-existing injury, pain and suffering, disability, disfigurement, impairment of working ability, mental anguish and loss of enjoyment of life; (3) That the injury occurred in the State of Florida in August, 1984; (4) That the plaintiff NICHOLAS RICHMAN moved to Florida "approximately two years ago" (i.e., in approximately August, 1982); and (5) That at all times material to the cause of action asserted in that complaint, the plaintiffs were married to one another and living together as husband and wife.

The original complaint was served on the defendant ZIMMER on August 15, 1985 (See, D.E. 16). On August 23, 1985, ZIMMER served a request for admissions on the plaintiff, requesting them to either admit or deny that the plaintiffs are citizens of Florida, and not citizens of either Delaware or Indiana, and that the amount of damages sought are in excess of $10,-000.00. The plaintiffs submitted their response to the request for admissions, and admitted all three (3) facts, on September 17, 1985. The removal petition in this cause was filed three days later, on September 20th.

The plaintiffs contend that this cause should be remanded for the defendant's failure to timely remove this action within thirty (30) days of service of the original complaint. It is argued that federal jurisdiction, based on diversity of citizenship, was apparent on the face of the complaint and that the cause became removable when the defendant was first served. The defendant states that neither the plaintiffs' citizenship, nor the jurisdictional amount were disclosed from a fair reading of the original complaint. ZIMMER argues that the cause did not become removable until the plaintiffs responded to the request for admissions, and, therefore, this cause was timely removed.

28 U.S.C. § 1446 provides that the petition for removal of a civil action shall be filed within thirty (30) days of receipt by the defendant of the initial pleading setting forth the claim for relief. If the case stated by the initial pleading is not removable the petition for removal may be filed within thirty (30) days after receipt by the defendant of a copy of an amended pleading or any other paper from which it may first be ascertained that the case is or has become removable. The statute places the burden on the petitioner to show that the case stated in the initial pleading was not removable then. Thus, the issue before us is whether the initial complaint filed in the state court alleged facts which made it apparent to this defendant that the claim asserted would be one which was removable under 28 U.S.C. § 1441.

Since subject matter jurisdiction in this cause is predicated on diversity of citizenship, our first inquiry must be whether the citizenship of the parties was disclosed, or could be inferred, from the allegations of the initial complaint. The defendant knew its own states of citizenship (i.e., the states in which it was incorporated and where its principal place of business was located); therefore, it was not necessary for the plaintiff to allege the states of defendant's citizenship in the complaint to make the claim removable at the time the original complaint was filed.

The plaintiff's citizenship presents a different problem. The trend in such cases as this seems to be that where the initial pleading provides at least a clue as to the plaintiff's citizenship, the burden is on the defendant to file the petition for removal within thirty (30) days of receipt of the initial pleading. *See, e.g., Kaneshiro v. North American Company for Life and Health Insurance,* 496 F.Supp. 452 (D.Hawaii 1980) and cases cited therein.

In the instant case, the plaintiff alleged that he "had moved to Florida approximately two years ago"; it was also alleged that his operation to remove the defective hip replacement in 1984 occurred in Florida. With regard to the plaintiff's wife's claim for consortium, it was alleged that they were married and living together, presum-

**542**

ably in Florida, where the plaintiff had moved to approximately two years ago. We feel that these allegations were sufficient to at least provide a "clue" as to the plaintiff's citizenship.

 With regard to the jurisdictional amount required in diversity cases, 28 U.S.C. § 1332, the defendant contends that the complaint did not state that the amount in controversy exceeded $10,000.00. This is correct. The complaint only alleged that damages in excess of $5,000.00 (the jurisdictional amount which must be alleged in Florida circuit courts) were sought.

Although the complaint only alleged the state court jurisdictional minimum, a fair reading of the complaint placed the defendant on notice that amount of damages claimed exceeded $10,000.00. This is especially true in light of the fact that the defendant must have been aware that many cases involving defects of the same hip replacement system have settled for amounts far in excess of $10,000.00 (See, Affidavit of Brian J. Donato, D.E. 15). Additionally, the plaintiff alleged that he suffered serious injuries. Where a fair reading of the complaint in a state suit based on serious personal injuries places the defendant on notice as to the substantial amount of damages involved, the defendant should be aware that the claim is removable even though the plaintiff merely alleges the state court's minimum jurisdictional amount. *Lee v. Altamil Corp.*, 457 F.Supp. 979 (M.D.Fla.1978).

Since the defendant had "clues" as to the diverse citizenship of the plaintiffs and must have known, from a fair reading of the complaint, that the damages claimed exceeded $10,000.00, this case was removable upon receipt by the defendant of the original complaint. That complaint was served upon the defendant on August 15, 1985. The defendant was required to file its petition for removal within thirty (30) days of that date. It did not.

Having failed to file the petition for removal within thirty (30) days of receipt of the original complaint and summons, pursuant to 28 U.S.C. § 1446, the defendant has waived its right to remove this case to federal court. Accordingly, it is hereby

ORDERED and ADJUDGED that the plaintiffs' motion for remand (D.E. 9) is Granted. It is

FURTHER ORDERED and ADJUDGED that this cause be remanded to the Circuit Court of the Fifteenth Judicial Circuit for Palm Beach County, State of Florida from whence it came. The Clerk of this Court shall mail a certified copy of this Order of Remand to the Clerk of the Circuit Court for Palm Beach County forthwith, and close the district court file of this case.