Mohammad H. RAHWAR, Plaintiff,

v.

Ronald L. NOOTZ, et al., Defendants.

Civ. A. No. 94–2674.

United States District Court,
D. New Jersey.

Sept. 12, 1994.

Paul J. Jackson, Nutley, NJ, for plaintiff.

Victoria M.W. Jensen, Palmer, Biezup & Henderson, Camden, NJ, for defendants.

## OPINION

WOLIN, District Judge.

This matter is before the Court on plaintiff's motion to remand this action to the state court following the removal of the action by defendants. This matter has been decided on the written submissions of the parties pursuant to Federal Rule of Civil Procedure 78. In addition, the Court has reviewed the complete record of this action. For the reasons stated below, the Court will deny the application to remand this action to state court for lack of subject matter jurisdiction.

## BACKGROUND

In the current case, removal is based upon the allegation of diversity jurisdiction. Plaintiff Mohammad Rahwar is a citizen of New Jersey. Defendants Ronald L. Nootz and Mainliner Motor Express, Inc. are both citizens of Nebraska, with Mainliner also having its place of incorporation in Delaware.

Plaintiff's cause of action centers upon alleged injuries received during an automobile accident in the fall of 1992. The state complaint, filed on October 27, 1993, contains no *ad damnum* clause and does not specify the extent of the plaintiff's alleged injuries. In their answer to the complaint, filed on January 24, 1994, the defendants requested a statement of damages from the plaintiff. On May 23, 1994, the plaintiff's attorney wrote a letter to counsel for the defendants stating: "The plaintiff claims $500,000 in damages."

On June 8, 1994, defendants timely sought to remove the state proceedings to this Court. The question that arises is whether the plaintiff's statement of damages letter may establish the amount in controversy for the purposes of removal. 28 U.S.C. § 1446(b) states:

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the

basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

(Emphasis added.)

For the reasons set forth below, this Court holds that the plaintiff's statement of damages letter is an "other paper" within the meaning of 28 U.S.C. § 1446(b). Since there is complete diversity of the parties and the defendants timely sought removal, the motion to remand will be denied.

## LEGAL ANALYSIS

Plaintiff argues that its statement of damages letter is insufficient to constitute an "other paper" within the meaning of 28 U.S.C. § 1446(b). Plaintiff argues that the letter is not binding, is not filed with the Court and is "mere correspondence" between the parties. The Court disagrees. The statement of damages is part of the record of this case and properly may be relied on by the parties and the Court to determine the amount in controversy. While no court in this Circuit has addressed this issue, several courts outside this Circuit have looked to a variety of sources outside the complaint and the petition for removal to determine the amount in controversy. *See, e.g., Brooks v. Solomon Co.,* 542 F.Supp. 1229 (N.D.Ala. 1982) (discovery depositions constitute "other paper" within the mean of 28 U.S.C. § 1446(b)); *Wright v. Continental Casualty Co.,* 456 F.Supp. 1075 (M.D.Fla.1978) (concession by plaintiff's counsel at hearing on petition for remove that plaintiff was seeking damages in excess of $10,000 was sufficient to support removal); *Fleming v. Colonial Stores, Inc.,* 279 F.Supp. 933 (N.D.Fla.1968) (answer to written interrogatories sufficient to support removal).

Correspondence between parties, similar to the statement of damages letter at issue in this case, specifically has been held sufficient to support removal. In *Hessler v. Armstrong World Industries,* 684 F.Supp. 393 (D.Del.1988), District Judge Jane Roth—now Circuit Judge Roth—held that correspondence was a permissible "other paper" under the removal statute. In *Hessler,* the Court held that the time for removal began to run when defendants learned by letters from counsel that non-diverse defendants had settled.

In *Gilardi v. Atchison, Topeka & Santa Fe Ry. Co.,* 189 F.Supp. 82, 85 (N.D.Ill.1960), the Court held that "other paper" refers to any document that is "part and parcel of the State Court proceedings having their origin and existence by virtue of the State Court processes." New Jersey Civil Procedure Rule 4:5–2 specifically provides that upon written request the plaintiff shall within five days furnish a written statement of the damages claimed. The statement of damages is not filed except on court order. The statement of damages, therefore, is an "other paper" that has its origin and existence in the rules of the state court.

Moreover, when a case is removed "there is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end." *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 290, 58 S.Ct. 586, 591, 82 L.Ed. 845 (1938). In this case, the Court cannot allow the plaintiff to claim he has suffered $500,000 in damages in order to raise the stakes in the litigation and then claim he has suffered less than $50,000 in damages in order to defeat federal jurisdiction.

## CONCLUSION

For the foregoing reasons, the Court will deny plaintiff's motion to remand this action to state court.