Haig **VARTANIAN, Plaintiff,**

v.

Carlos **TERZIAN, Defendant.**

Civil Action No. 97–187(JHR).

United States District Court,
D. New Jersey.

April 10, 1997.

Fredric L. Shenkman, Goldenberg, Mackler & Sayegh, Atlantic City, NJ, for Plaintiff.

Kenneth M. Denti, Duane Morris & Heckscher, Cherry Hill, NJ, for defendant.

RODRIGUEZ, District Judge.

This matter comes before the court on plaintiff, Haig Vartanian's motion pursuant to 28 U.S.C. § 1447(c) to remand this case to the Superior Court of New Jersey, Law Division, Atlantic County because the defendant failed to remove this action within thirty (30) days of service of the original complaint. For the reasons stated below, plaintiff's motion to remand this action to state court for lack of subject matter jurisdiction will be denied.

## I. BACKGROUND

This defamation case was commenced on May 3, 1996 in the Superior Court of New Jersey, Law Division, Atlantic County (Docket No. ATL–L001462–96). The complaint was served on the defendant on or about November 5, 1996. In accordance with New Jersey court rules, the ad damnum clause of the complaint did not specify the amount of compensatory and punitive damages that the plaintiff demanded. (N.J.Ct. R. 4:5–2)

On December 16, 1996, the defendant demanded a statement of damages pursuant to N.J. Ct. R. 4:5–2. By letter dated December 27, 1996, the plaintiff responded that the damages claimed by the plaintiff were $1,000,000.00.

On January 13, 1997, defendant filed a notice of removal pursuant to 28 U.S.C. §§ 1332 and 1441(a), alleging diversity of citizenship and that adequate notice of federal jurisdiction was first provided upon receipt of the plaintiff's Statement of Damages on December 27, 1996. Thus, the defendant's notice of removal was filed 69 days after the complaint was received and 18 days after the Statement of Damages was received. The narrow issue presented by this motion is as follows: When is a defendant responsible for knowing that the damage claim exceeds the amount required for federal diversity jurisdiction when the ad damnum clause does not and cannot specify an amount of damages?

## II. *DISCUSSION*

█ Plaintiff bases this motion on 28 U.S.C. § 1447(c), which requires remand of cases improvidently removed. Plaintiff claims that the defendant did not comply with the time limitations for removal contained in 28 U.S.C. § 1446(b), which provides as follows:

> The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based * * *. If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Thus, § 1446 provides a two-step test for determining whether a defendant timely removed a case. The first paragraph applies where the case stated by the initial pleading is removable and requires that notice of removal be filed within thirty days of receipt of the initial pleading by the defendant. The second paragraph applies where the initial pleading is not removable and requires that notice of removal be filed within thirty days from receipt of an amended pleading, motion, order or other paper from which the defendant can first ascertain that the case is removable.

Relying on the first paragraph of § 1446(b), plaintiff asserts that the defendant should know from the nature of the cause of action whether the plaintiff's claim exceeds the amount required for federal diversity jurisdiction. (Plaintiff's Brief at 5). Thus, because this action is one for defamation, plaintiff argues that the defendant was on notice that a sufficient amount in controversy existed for federal jurisdiction upon service of the original complaint. Plaintiff relies upon *Horak v. Color Metal of Zurich Switzerland*, 285 F.Supp. 603 (D.N.J.1968) and *Richman v. Zimmer, Inc.*, 644 F.Supp. 540 (S.D.Fla.1986) for the proposition that, where

the complaint alleges circumstances which would lead a party to understand that damages are in excess of the jurisdictional amount, then the complaint is sufficient to trigger the time periods for a removal application.

In *Horak v. Color Metal of Zurich Switzerland*, 285 F.Supp. 603 (D.N.J.1968), the plaintiff lost his right arm while using an allegedly defective offset printing press. Plaintiff's complaint, which was filed in the Superior Court of New Jersey, did not specify the amount of damages sought. More than 45 days after service of the complaint, two defendants filed a petition of removal. The third defendant, whose joinder in the petition was necessary for effective removal, joined in the removal petition approximately one month after it was filed. The removal petition stated that the complaint failed to provide notice that there existed diversity of citizenship or that the amount in controversy exceeded the federal jurisdictional amount of $10,000.

After finding that diversity of citizenship was apparent from the complaint, the *Horak* court turned to the issue of jurisdictional amount. The court focused upon the nature of the alleged injury, finding that "there can be no question but that more than $10,000 is at stake. As a result of the defendants' negligence, the complaint states, plaintiff suffered the loss of his right arm; such a serious injury would likely, should the defendants be found negligent, warrant a recovery in excess of $10,000."

The court also noted that the equities of the case supported remand. The plaintiff had not filed any papers subsequent to his complaint, yet defendants' removal petition alleged that the case involved more than $10,000. The court concluded that the defendants' basis for making such an assertion must have been the plaintiff's complaint itself.

Similarly, in *Richman v. Zimmer, Inc.*, 644 F.Supp. 540 (S.D.Fla.1986), the plaintiffs sought damages for personal injuries resulting from a defective hip replacement system surgically implanted in Mr. Richman's body. Plaintiffs alleged in their complaint that the

amount of damages exceeded $5,000, the minimum jurisdictional amount which must be alleged in Florida circuit courts. Eight days after service of the complaint, the defendant served a request for admissions on the plaintiffs, requesting them to admit or deny that the amount of damages sought were in excess of $10,000, the then-current jurisdictional amount for federal jurisdiction based on diversity of citizenship. The plaintiffs admitted that fact, and the defendants filed a removal petition three days later.

The *Richman* court stated in pertinent part:

> Although the complaint only alleged the state court jurisdictional minimum, a fair reading of the complaint placed the defendant on notice that amount of damages claimed exceeded $10,000.00. This is especially true in light of the fact that the defendant must have been aware that many cases involving defects of the same hip replacement system have settled for amounts far in excess of $10,000.00. (See, Affidavit of Brian J. Donato, D.E. 15). Additionally, the plaintiff alleged that he suffered serious injuries. Where a fair reading of the complaint in a state suit based on serious personal injuries places the defendant on notice as to the substantial amount of damages involved, the defendant should be aware that the claim is removable even though the plaintiff merely alleges the state court's minimum jurisdictional amount. *Lee v. Altamil Corp.,* 457 F.Supp. 979 (M.D.Fla.1978).

*Id.* at 542. The *Richman* court ruled that, because "the defendant had 'clues' as to the diverse citizenship of the plaintiffs and must have known from a fair reading of the complaint that the damages claimed exceeded $10,000.00 [the] case was removable upon receipt by the defendant of the original complaint." *Id.*

Both *Horak* and *Richman* focus on what the defendant knew or should know from the pleadings and from a comparison with other cases. More recently, courts have shifted that focus toward an analysis of what the relevant document says. The case of *Rowe v. Marder,* 750 F.Supp. 718 (W.D.Pa.1990), *aff'd* 935 F.2d 1282 (3d Cir.1991), marks the

Third Circuit's move away from an inquiry as to what the defendant knew or should have known, toward a focus on the actual language of the pleadings. In *Rowe,* plaintiff brought suit on behalf of the decedent's estate and the decedent's incompetent daughter, charging that the defendant intentionally inflicted emotional distress on the decedent, causing her to take her own life. The defendant was served with a form summons which provided only that "you are notified that ... plaintiff(s) has commenced a civil action against you which you are required to defend." A letter from plaintiffs attorney, which accompanied the summons, provided that: "After investigation into the matter, an action was filed against Dorothy Marder for the death of Mildred Glick Friedman. It is based upon the tort of intentional or reckless infliction of emotional distress as set out in the Restatement 2nd of Torts § 46 (1965)." The district court rejected an approach which required a determination of the defendant's actual knowledge in favor of an approach requiring an evaluation of each individual case, summons-by-summons. *Id.* at 721. The district court reasoned that:

> ... by the terms of [28 U.S.C. § 1446], the issue is not what the defendant knew, but what the relevant document said. Where the language of a statute is unambiguous, the plain language dictates the meaning. Here, the time begins to run upon 'receipt by the defendant ... of a copy of the initial pleading setting forth the claim for relief.' 28 U.S.C. § 1446(b). The statute focuses on what the document 'set[ ] forth' rather than what a defendant actually learned from its receipt.... [T]he inquiry begins and ends within the four corners of the pleading. The inquiry is succinct: whether the document informs the reader, *to a substantial degree of specificity,* whether all the elements of federal jurisdiction are present.

*Id.* (citations and footnote omitted)(emphasis added). The district court's opinion in *Rowe* was affirmed by the Third Circuit and its reasoning was approved once again by the Third Circuit in *Foster v. Mutual Fire, Marine & Inland Ins. Co.,* 986 F.2d 48, 53 (3d Cir.1993). In *Foster,* the Third Circuit em-

phasized that "the relevant test is not what the defendants purportedly knew, but what these documents said. .... We hold that § 1446(b) requires defendants to file their Notices of Removal within thirty days after receiving a writ of summons, praecipe, or complaint which *in themselves provide adequate notice of federal Jurisdiction.* ...." 986 F.2d at 54 (emphasis added).

Like the Third Circuit, the Fifth Circuit has recognized that "the better policy is to focus the parties' and the court's attention on what the initial pleading sets forth," rather than what the defendant knew or should have known in the exercise of due diligence. *Chapman v. Powermatic, Inc.,* 969 F.2d 160, 163 (5th Cir.1992). In *Chapman,* the Fifth Circuit adopted a bright line rule requiring the plaintiff, if he wishes the thirty-day period to run from the defendant's receipt of the initial pleading, to place in the initial pleading a specific allegation that damages are in excess of the federal jurisdictional amount. *Id.* at 163. The benefits of such a bright-line rule are readily apparent:

> ... [I]t promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know. [A contrary rule] ... would needlessly inject uncertainty into a court's inquiry as to whether a defendant has timely removed a case, and as a result would require courts to expend needlessly their resources trying to determine what the defendant knew at the time it received the initial pleading and what the defendant would have known had it exercised due diligence. Moreover, [a contrary rule] ... would encourage defendants to remove prematurely cases in which the initial pleading does not affirmatively reveal that the amount in controversy is in excess of $50,000 so as to be sure that they do not accidentally waive their right to have the case tried in a federal court.

*Id.*

Furthermore, this bright-line rule is consistent with the Third Circuit's statement in *Foster* that the initial pleading must in itself provide adequate notice of federal jurisdiction to trigger the thirty-day removal period

provided in the first paragraph of 28 U.S.C. § 1446(b). It is also consistent with the pleading requirement of the New Jersey Court Rule 4:5–2, which provides in relevant part that "[i]f unliquidated money damages are claimed in any court, other than the Special Civil Part, the pleading shall demand damages generally without specifying the amount." Rule 4:5–2 does not prohibit the plaintiff from making a specific allegation that the damages alleged are in excess of the federal jurisdictional amount.

Furthermore, removal statutes are strictly construed and all doubts resolved in favor of remand. *See Shamrock Oil and Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Brown v. Francis,* 75 F.3d 860, 865 (3d Cir.1996); *Abels v. State Farm Fire & Cas. Co.,* 770 F.2d 26, 29 (3d Cir.1985); *Boyer v. Snap–On Tools Corp.,* 913 F.2d 108, 111 (3d Cir.1990), *cert. denied,* 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991). The rule applied in cases like *Horak* and *Richman* requires a defendant to seek removal based only on what is, at best, an educated guess that federal jurisdiction exists. Under such a rule, if the plaintiff seeks remand, the defendant may be without sufficient grounds to defeat the presumption in favor of remand and against removal.

■ The Third Circuit's requirement that the initial pleading inform the defendant to a "substantial degree of specificity" that the basis for federal jurisdiction exists such that removal would be proper is at odds with the New Jersey Court Rule's requirement that pleadings not specify a dollar amount for unliquidated damages. To resolve this tension, we interpret the Third Circuit's "substantial degree of specificity" requirement to mean that the thirty-day removal period does not run from the defendant's receipt of the initial pleading unless the plaintiff has specifically alleged in the initial pleading that the damages sought are in excess of the minimum federal jurisdictional amount. In other words, we hold that, where the plaintiff does not or cannot plead damages in a specific dollar amount but wishes the thirty-day period to run from the defendant's receipt of the initial pleading, the plaintiff must place in the initial pleading a specific allegation that dam-

ages exceed the minimum federal jurisdictional amount. *See Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir.1992).

The plaintiff's complaint alleges that the defendant is liable to the plaintiff for making a defamatory statement in a May 4, 1995 letter addressed to plaintiff and copied to seven third parties. (Complaint, ¶ 2). The plaintiff further alleges that "[b]y reason of the foregoing false and libelas [sic] statement, wilfully and maliciously made by the defendant aforesaid, the plaintiff has been injured in his good name, credit and brought into a disgrace and infinity." The ad damnum clause of the complaint seeks compensatory and punitive damages and costs of suit. The plaintiff's complaint was not removable pursuant to the first paragraph of § 1446(b), since it did not reveal on its face a specific amount the plaintiff claimed as damages, nor does it indicate that the plaintiffs damages are in excess of the minimum required for federal diversity jurisdiction. Thus, the time for removal of this complaint is governed by the second paragraph of § 1446(b), which provides for removal within thirty days of receiving "a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." Upon request, the defendant in this case obtained a Statement of Damages on December 27, 1996. The court finds that this constituted an "other paper" from which the defendant could first ascertain that the case was removable. Accord *Rahwar v. Nootz*, 863 F.Supp. 191, 192 (D.N.J.1994).[1] Therefore, we find that the defendant's notice of removal, filed on January 13, 1997, was timely pursuant to 28 U.S.C. § 1446(b).

1. Plaintiff asserts that the statement of damages letter is not binding and that it is not filed with the Court. This same argument was raised by the plaintiff in *Rahwar v. Nootz*, 863 F.Supp. 191 (D.N.J.1994). In *Rahwar*, the plaintiff filed a state court complaint with no ad damnum clause, but which alleged injuries resulting from a motor vehicle accident. The defendant filed an answer requesting a statement of damages. Some four months later, and seven months after the complaint had been filed, the plaintiff's attorney wrote a letter to defendant's counsel stating that "The plaintiff claims $500,000 in damages." The plaintiff argued that removal was untimely

III. *CONCLUSION*

For the foregoing reasons, it is on this 9th day of April, 1997,

ORDERED that plaintiff's motion to remand is *DENIED*.

and that the statement of damages letter did not constitute an "other paper" within the meaning of 28 U.S.C. § 1446(b). The court rejected this argument, finding that the statement of damages letter "is part of the record of this case and properly may be relied upon by the parties and the Court to determine the amount in controversy." *Id.* at 192. Thus, the district court in *Rahwar* found that the statement of damages is an "other paper" that has its "origin and existence in the rules of the state court." *Id.* We also reject the notion that a statement of damages is not an "other paper" within the meaning of 28 U.S.C. § 1446(b).