**SAMUEL H. HALL, JR., et al., Plaintiffs**
**v.**
**DELTA AIR LINES, INC., Defendants**
**HALL v. DELTA AIR LINES, INC.**
Civ. No. 2003-190

District Court of the Virgin Islands

Division of St. Thomas and St. John

October 4, 2004

*For Plaintiff*: MARIE E. THOMAS-GRIFFITH, ESQ., St. Thomas, U.S.V.I.

*For Defendant*: HENRY L. FEUERZEIG, ESQ., CHAD C. MESSIER, ESQ., St. Thomas, U.S.V.I.

MOORE, *District Judge*

## MEMORANDUM

(October 4, 2004)

This is an action alleging damages and requesting injunctive relief in connection with an air carrier's cancellation of air travel tickets after a passenger missed one segment of a multi-segment travel itinerary. Plaintiff, Samuel H. Hall, Esquire, moves this Court to remand the above-captioned case to the Territorial Court. For the reasons set forth below, Hall's motion to remand will be granted.

On April 21, 2003, Hall, a resident of St. Thomas, purchased a round-trip ticket from Delta Air Lines, Inc., a Delaware corporation, for $569.80, to fly as follows:

- May 14, 2003, from St. Thomas to Atlanta, Georgia on Flight 2028; then
- May 18, 2003, from Atlanta to Savannah, Georgia on Flight 847; then
- May 21, 2003, from Savannah to Atlanta on Flight 2190; and finally
- May 21, 2003, from Atlanta to St. Thomas on Flight 361.

Rather than fly on Flight 847 on May 18, 2003, Hall drove by automobile to Savannah from Atlanta. He alleges that Delta cancelled the remaining two segments of his multi-leg trip because a segment of his itinerary was not used. As a result of this cancellation, Hall alleges, he was compelled to pay $875.15 to purchase tickets for the remaining segments at the higher, short-notice one-way price. Hall alleges that Delta purposely engages in the practice of cancelling the remaining segments when a passenger cancels an earlier segment, in order to take advantage of passengers by compelling them to purchase the more expensive one-way tickets with little advance notice.

On August 25, 2003, Hall filed a class-action complaint in the Territorial Court against Delta, alleging (1) breach of contract; (2) misrepresentation, fraud, and deceit; and (3) intentional infliction of emotional distress. On behalf of himself and others similarly situated, Hall prayed for an injunction requiring Delta to change its cancellation practices, for compensatory damages, for punitive damages, and for attorneys fees. The bare allegations of the complaint do not support an amount in controversy even approaching $75,000. Indeed, in accordance with Virgin Islands law, Hall's complaint claims no specific amount of damages. Although its residence is diverse from that of plaintiff. Delta did not remove the case to this Court within thirty days after the complaint was served. Rather, Delta simply filed its answer in the Territorial Court on November 17, 2003.

In its answer, Delta asserted as its principal defense that its cancellation practices are in accordance with the Airline Deregulation Act, currently codified as 49 U.S.C. § 41713(b)(1) and 14 C.F.R. Part 253. On December 11, 2003, Hall's counsel sent Delta's counsel a letter representing that the "Plaintiff has authorized me to extend to Defendant a settlement offer of $100,000. The offer is good through December 31, 2003 ... ." This is the first indication in the record of any suggestion by plaintiff of an amount in controversy.[1]

Based on this letter, on December 18, 2003, Delta removed the case to this Court based on the grounds of diversity of citizenship, asserting that the letter for the first time established that the monetary amount Hall is seeking meets the requisite $75,000 for federal jurisdiction. On January

---

[1] In accordance with Virgin Islands pleading requirements, a complaint may not specify the amount of damages but instead must contain a prayer for general relief. 5 V.I.C. § 5.

8, 2004, Hall moved to remand this matter to the Territorial Court, in resolving the motion, I must determine (1) whether plaintiff's letter, sent well after the initial period for defendant Delta to remove the case to federal court had expired, can supply the ground for removal and, (2) if so, whether Delta has established that the plaintiff's case meets the $75,000 jurisdictional minimum set by 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—citizens of different States ... ."). There is no dispute that the matter in controversy is between citizens of different states, as that word is used in section 1332.[2]

 Generally, any civil action filed in a state or territorial court may be removed to a United States or territorial district court if there is a basis for original federal jurisdiction. *See* 28 U.S.C. § 1441(a). A defendant removes a case from the Territorial Court to the District Court of the Virgin Islands by timely filing in this Court a notice of removal containing a short and plain statement of the grounds for removal. *See id.* § 1446(a).[3] Most removals are based on allegations of the complaint that establish the federal court's original jurisdiction, in which event the removal notice must be filed within thirty days of service of the initial pleading on the removing defendant. *See id.* § 1446(b).[4] Delta's removal here, however, is based on information contained in a document supplied

---

[2] The statute also provides that the "word 'States', as used in this section, includes the Territories, the District of Columbia, and the Commonwealth of Puerto Rico." 28 U.S.C. § 1332(d).

[3] Section 1446(a) provides:

A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

[4] The first part of section 1446(b) deals with removal based on the initial pleadings:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

after the defendant answered the complaint without seeking removal. It is governed by the second part of 28 U.S.C. § 1446(b), which provides:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable ... ."

(emphasis added).[5]

Correspondence between counsel, including a settlement demand letter, may constitute an "other paper" upon which removability can be based under section 1446(b). *See, e.g., Vartanian v. Terzian,* 960 F. Supp. 58, 62 (D.N.J. 1997) (letter from plaintiff to defendant claiming damages of $100,000 was an "other paper" within the meaning of section 1446(b)); *Rahwar v. Nootz,* 863 F. Supp. 191, 191-92 (D.N.J. 1994) (letter from plaintiff to defendant claiming damages of $500,000 was an "other paper"); *White v. Gould,* 1992 U.S. Dist. LEXIS 289 (E.D. Pa. Jan. 9, 1992) (plaintiffs' $100,000 settlement demand letter qualified as "other paper").[6] Hall's letter qualifies as an "other paper" under 28 U.S.C. § 1446(b).

Having concluded that Hall's letter is an "other paper" that can support removal under section 1446(b), I must now determine whether Delta has shown to a legal certainty that the amount in controversy exceeds the jurisdictional minimum. The removal statutes are strictly construed against removal and the defendant bears the burden to establish the amount in controversy. *See Meritcare v. St. Paul Mercury Insurance Company,* 166 F.3d 214, 217, 222 (3d Cir. 1999). The Third Circuit Court of Appeals has adopted the legal certainty standard, which requires the defendant to prove to a legal certainty that the amount in

---

[5] The provision goes on: "except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action." 28 U.S.C. § 1446(b).

[6] *Cf. Broderick v. Dellasandro,* 859 F. Supp. 176, 179 (E.D. Pa. 1994) (holding as "other paper" under section 1446(b) letter from plaintiff to defendant informing defendant that non-diverse Plaintiffs have moved out of state); *Hessler v. Armstrong World Indus., Inc.,* 684 F. Supp. 393, 394-95 (D. Del. 1998) (holding as "other paper" letter from plaintiff to defendant informing defendant that certain non-diverse defendants have settled).

controversy exceeds the statutory minimum. *See Samuel-Bassett v. Kia Motors America, Inc.*, 357 F.3d 392, 398 (3d Cir. 2004). Delta has not met this burden.

To determine whether the jurisdictional amount has been satisfied, I can only consider the allegations relating to the compensation Hall individually asserts that he alone is entitled to recover.[7] Even if the record that came over from the Territorial Court reflected that a class has been certified, which it does not, I cannot aggregate the claims of the class members to determine whether the amount in controversy requirement has been satisfied. *See Zahn v. International Paper Co.*, 414 U.S. 291, 300, 38 L. Ed. 2d 511, 94 S. Ct. 505 (1973).

Any reasonable review of the allegations of Hall's complaint compels the conclusion that the amount in controversy is well below this Court's jurisdictional minimum of $75,000:

1. Hall's allegation of damages from Delta's alleged breach of contract is limited to his additional cost of $875.15 to purchase replacement tickets for the remaining legs of his travel itinerary. Hall's claim of compensation for emotional distress and mental anguish, as well as punitive damages, are not supported by this routine breach of contract claim. *See* RESTATEMENT (SECOND) OF CONTRACTS §§ 353, 355. Thus, the total amount in controversy arising from Hall's breach of contract claim in Count I is $875.15.

2. Delta's liability for its alleged fraud in Court II is also limited to the $875.15 Hall spent for replacement tickets for the remaining legs of his travel itinerary. Hall's recovery for Delta's alleged fraudulent misrepresentation is limited to the pecuniary loss resulting from his justifiable reliance on the alleged misrepresentation, which excludes compensation for Hall's alleged emotional distress and mental anguish. *See, e.g., Ingvoldstad v. Estate of Young*, 19 V.I. 115, 1982 U.S. Dist. LEXIS 12456 (1982) at *8; RESTATEMENT (SECOND) TORTS § 525.

3. Delta must establish that the plaintiff has alleged the minimum jurisdictional amount required in the face of the plaintiff's claim that the amount in controversy does not rise to $75,000. In

---

[7] *See, e.g., Angus v. Shiley, Inc.*, 989 F.2d 142, 145 (3d Cir. 1993) ("The general federal rule is to decide the amount in controversy from the complaint itself.").

assessing whether Delta has carried its burden, I will consider the defendant's representations in judicial filings it has made in the course of defending its removal. This applies to Halls' claim for damages arising from intentional infliction of emotional distress in Count III and his claim for punitive damages.[8] A claim for intentional infliction of emotional distress requires a showing that the defendant engaged in outrageous conduct that intentionally or recklessly caused severe emotional distress to another. RESTATEMENT (SECOND) TORTS § 46; *see Heywood v. Cruzan Motors, Inc.*, 792 F.2d 367, 371 (3d Cir. 1986). Under Virgin Islands law, punitive damages similarly may be awarded for conduct that is outrageous because of defendant's evil motive, or his reckless indifference for the rights of others. *See Nicholas v. Wyndham Int'l, Inc.*, 301 F. Supp 2d. 407, 410 (citing *Guardian Ins. Co. v. Joseph*, 31 V.I. 145, 151 (App. Div. 1997)); *see* RESTATEMENT (SECOND) OF TORTS § 908(2). Delta's submission that its cancellation practice complies with the Airline Deregulation Act significantly reduces the likelihood that its conduct was outrageous and intentional or reckless, or done with evil motive or with indifference to the rights of others. Because Hall's compensatory damages will not exceed $875.15, there is no reasonable likelihood that plaintiff's recovery for intentional infliction of emotional distress and punitive damages together would raise the value of this case above $75,000.[9]

4. Attorney's fees are generally excluded in determining the amount in controversy unless provided by contract or statute. *Velez v. Crown Life Ins. Co.*, 599 F.2d 471, 474 (1st Cir. 1979). Although both Hall and Delta have requested an award of attorney's fees in their respective filings, neither has asserted that the contract of carriage that is the subject of this suit provides for attorney's fees or

---

[8] Punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied. *Packard v. Provident National Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993) (citations omitted).

[9] In determining the amount in controversy in class action suits, punitive damages may not be aggregated but are considered on a pro-rata basis. *See Lennon v. Bridgestone/Firestone Inc.*, 2000 U.S. Dist. LEXIS 15405, at *3 (E.D. Pa. 2000) (*citing Pierson v. Source Perrier, S.A.*, 848 F. Supp. 1186, 1188 (E.D. Pa. 1994).

that a statute authorizes such fees. Thus, I will exclude attorney's fees from my evaluation of the amount in controversy.

In sum, Hall's December 11, 2003 letter in offer of settlement is an "other paper" on which Delta could rely in removing the case from Territorial Court to District Court under section 1446(b). Delta has not, however, established to a legal certainty that the amount in controversy in this matter exceeds the amount in controversy required for federal diversity jurisdiction. Hall's potential compensatory damages for his breach of contract and fraud claims is limited to his additional cost of $875.15 to purchase replacement tickets for the remaining legs of his travel itinerary. Further, neither damages for fraud or intentional infliction of emotional distress nor punitive damages can reasonably raise the matter in controversy above the jurisdictional minimum of $75,000. Accordingly, this Court does not have subject matter jurisdiction over this matter and I will grant the motion to remand. An appropriate order follows.